UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | |
|---|---|
| UNICORN ENTERPRISES, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICAN SAFETY INSURANCE COMPANY, INC. and CONTINENTAL INSURANCE AGENCY, INC.,<br><br>    Defendants. | CIVIL ACTION NO. 6:21-95-KKC<br><br>OPINION AND ORDER |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Plaintiff's motion to remand this action to Clay Circuit Court. (DE 12.) Defendant American Safety Insurance Company having responded (DE 17) and Plaintiff having declined to reply, the matter is now ripe for the Court's review. For the reasons set forth herein, Plaintiff's motion to remand (DE 12) is GRANTED.

I.

This action arises out of a dispute between Plaintiff Unicorn Enterprises and Defendant insurance companies American Safety Insurance Company and Continental Insurance Agency following the alleged theft of two trucks owned by Plaintiff. (DE 1-2 at 2.) Plaintiff alleges that it is entitled to recovery under its insurance policy for the insured value of the two trucks. (*Id.*)

After demanding payment from Defendants, Plaintiff commenced this action by filing a complaint in Clay Circuit Court in May 2021. (DE 1 at 1.) In the complaint, Plaintiff sought compensatory damages equal to the insured value of the two trucks (a combined sum of $48,000) and unliquidated damages and other relief for alleged violations of the Kentucky

Unfair Claims Settlement Practices Act (KRS § 304.12-230) and Kentucky Consumer Protection Act (KRS §§ 367.110, *et seq.*) and a common law bad faith claim. (DE 1-2 at 9–10.)

Defendant American Safety removed the action to this Court in June 2021 pursuant to 28 U.S.C. § 1441(b) citing complete diversity of citizenship and an amount in controversy exceeding $75,000.00. (DE 1 at 1.) While Plaintiff acknowledges that there is complete diversity of citizenship, Plaintiff disputes that the amount in controversy exceeds $75,000 and thus filed a motion to remand the matter to Clay Circuit Court. (DE 12-1 at 1–3.) Along with the motion to remand, Plaintiff attached a stipulation and sworn declaration that "it will not seek or accept an award of damages in excess of $70,000.00 inclusive of punitive damages, attorney's fees, costs, the fair value of any injunctive relief or any other relief to which Plaintiff may be entitled" and acknowledging that any attempt to void the commitment will be considered sanctionable conduct and may justify re-removal. (DE 13.)

American Safety responded to Plaintiff's motion to remand (DE 17), Plaintiff declined to reply, and the matter is now ripe for the Court's review.

**II.**

A defendant may remove a state court matter to federal district court pursuant to 28 U.S.C. § 1441 if the district court properly has diversity jurisdiction, which requires complete diversity of citizenship between the parties and an amount in controversy greater than $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The removing party bears the burden of establishing that the district court would have had original jurisdiction if the non-moving party had chosen to file the action in federal court in the first instance. *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 Fed. App'x 463, 468 (6th Cir. 2019) (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006)). The question of jurisdiction is determined at the time of removal, and application of the removal statute should be strictly construed and

2

all doubts resolved in favor of remand. *Id.* (citing *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007) and *Eastman*, 438 F.3d at 550).

### III.

The Court agrees with the parties that there is complete diversity of citizenship and that the matter requiring resolution is whether the amount in controversy exceeds $75,000, exclusive of interest and costs.

Generally, in diversity cases, the amount claimed by the plaintiff in the complaint determines the amount in controversy. *Id.* at 469 (citing *Rosen v. Chrysler Corp.*, 205 F.3d 918, 920–21 (6th Cir. 2000)). Thus, "a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000). However, in Kentucky, Kentucky Rule of Civil Procedure 8.01 requires that pleadings for unliquidated damages "not recite any sum as alleged damages other than an allegation that damages are in excess of any minimum dollar amount necessary to establish the jurisdiction of the court."

In response to this limitation, federal courts have recognized that a plaintiff may stipulate post-removal to a claim less than the federal jurisdictional amount where the plaintiff provides specific information about the amount in controversy for the first time. *Heyman*, 781 Fed. App'x at 469 (citing *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 481 (6th Cir. 2014)). Such a stipulation is considered a *clarification* of the plaintiff's intent rather than a *change* in the amount sought by the plaintiff. *Id.* at 470 (citing *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 778 (W.D. Ky. 2002)). However, the stipulation limiting damages must be "unequivocal." *Id.*

Plaintiff's original complaint specifically mentions $48,000 in compensatory damages, but—in accordance with Kentucky Rule of Civil Procedure 8.01—does not allege a

3

total amount in controversy, which would be calculated by aggregating Plaintiff's various claims. *See Snyder v. Harris*, 394, U.S. 332, 335 (1969). Thus, Plaintiff's stipulation is the first specific information about the amount in controversy and should be considered a clarification of Plaintiff's intent rather than a change.

Finally, a stipulation—like Plaintiff's—containing language asserting that the plaintiff "will not seek or accept" damages exceeding $75,000 has repeatedly been found sufficiently unequivocal. *Heyman*, 781 Fed. App'x at 470 (collecting cases); *Jenkins v. Delta Air Lines, Inc.*, No. 3:18-cv-244-CRS, 2018 WL 6728571, at *4 (W.D. Ky. Dec. 21, 2018) (collecting cases). The "will not seek or accept" language "leaves Plaintiff no room to escape the bounds of its restrictions," *Spence v. Centerplate*, 931 F. Supp. 2d 779, 782 (W.D. Ky. 2013), as stipulations are binding. *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013). While there has been at least one instance in which a party egregiously disregarded an earlier stipulation with the troubling permission of Clay Circuit Court, *see Sizemore v. Auto-Owners Ins. Co.*, 457 F. Supp. 3d 585, 587 (E.D. Ky. 2020), this Court is satisfied with Plaintiff's acknowledgement that any attempt to void the commitment and seek or accept greater than $70,000 in this or a subsequent action will be considered sanctionable conduct and may justify re-removal. (DE 13.)

Because Plaintiff has clarified its intent with an unequivocal stipulation that it does not seek and will not accept an amount greater than $70,000 inclusive of all damages, costs, fees, and other relief, and because the Sixth Circuit favors resolving all doubts in favor of remand, *Eastman*, 438 F.3d at 550, the Court finds remand appropriate in this case.

## IV.

Accordingly, for the reasons set forth herein, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's motion to remand (DE 12) is **GRANTED;**

4

(2) Defendant's motion for judgment on the pleadings (DE 8) is **DENIED AS MOOT**; and

(3) This matter is **REMANDED** to Clay Circuit Court; and

(4) This matter is **STRICKEN** from this Court's active docket.

This 5th day of January, 2022.

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY